IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM M. PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 05-220J |
| v. ) | JUDGE GIBSON |
| ) | |
| ) | |
| ) | |
| SCHWAN'S HOME SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

### SYNOPSIS

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 5) and accompanying Brief in Support (Document No. 6), Plaintiff's Response to Defendant's Motion to Dismiss (Document No. 8) and accompanying Brief in Support (Document No. 9) and Defendant's Reply Brief (Document No. 14). For the reasons stated herein, the Motion is granted in part and denied in part.

### JURISDICTION

Jurisdiction is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(4) (civil rights), and 42 U.S.C. § 2000e-(5)(f) (Title VII).

## COMPLAINT

Plaintiff brought an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (hereinafter "Title VII"), and 29 U.S.C. § 623, *et seq* (hereinafter "ADEA"). (Complaint, Document No.1, ¶¶2-3 (hereinafter "Federal Court Complaint")). Plaintiff claims a complaint (hereinafter "PHRC complaint") was filed with the Pennsylvania Human Rights Commission (hereinafter "PHRC"), on or about June 30, 2003 and was duly filed with the Equal Employment Opportunity Commission (hereinafter "EEOC"). Federal Court Complaint ¶ 3. Plaintiff was born February 14, 1945, was hired by Defendant on July 25, 2000, and was terminated by Defendant on May 2, 2003. Federal Court Complaint, ¶¶ 11-13. Plaintiff was fifty-eight (58) years old when he was terminated. Federal Court Complaint, ¶14.

Plaintiff claims he was discriminated against based on his age in violation of the ADEA, 29 U.S.C. § 623 (a)(1) and (2). Federal Court Complaint, ¶¶ 3-5. Plaintiff alleges he was an exemplary employee for three (3) years prior to his discharge and had been continuously unfavorably treated by Defendant due to his age. Federal Court Complaint, ¶¶ 15-16. Plaintiff alleges his position was filled by a less experienced person under the age of forty (40). Federal Court Complaint, ¶17. Plaintiff further alleges he was and is capable and qualified to perform his job. Federal Court Complaint, ¶18.

## ANALYSIS

### A. Legal Standard

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12( b)(6):

> the district court [is] required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant. *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989); *D.P. Enters., Inc. v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir.1984). In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record. Moreover, a case should not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232-33, 81 L.Ed.2d 59 (1984); *D.P. Enters.*, 725 F.2d at 944.

*Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). The defendant bears the burden to demonstrate that the complaint fails to state a claim. *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000) citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

In deciding a Rule 12(b)(6) motion to dismiss, a court does not have to accept or give credit to "bald assertions," "legal conclusions," "unsupported conclusions," "unwarranted inferences," "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual conclusions." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997)(citations omitted); *see also Pennsylvania House, Inc. v. Barrett,* 760 F.Supp. 439, 449-450 (M.D. Pa. 1991).

In considering a motion to dismiss, the court is not deciding the issue of whether a plaintiff will ultimately prevail, but is deciding if the plaintiff is entitled to offer evidence to support claims. *See Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996).

> [D]ismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading. This is true even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim. A district court's refusal to allow leave to amend is reviewed for abuse of discretion by the court of appeals. A wise judicial practice (and one that is commonly followed) would be to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief.

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (3d ed. 2004)(footnotes omitted). In the case *sub judice*, the Court cannot assume that the Plaintiff can prove any fact that is not alleged. *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263, n. 13 (3d Cir. 1998) citing *Associated General Contractors of California v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723, 731 (1983).

### B. Defendant's Motion to Dismiss

Defendant moves for dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) based on three arguments. First, Defendant argues Plaintiff's Title VII allegations should be dismissed because Plaintiff did not make any allegations of Title VII violations in the PHRC complaint. (Plaintiff's Motion to Dismiss, Document No. 5, p. 3). Second, Defendant argues that Plaintiff did not

4

receive a right-to-sue letter from either the PHRC or the EEOC, a prerequisite to filing a Title VII complaint in federal court. (Document No. 5, pp. 2-3). Finally, Defendant argues that Plaintiff's Title VII and ADEA allegations must be dismissed because Plaintiff did not file a timely complaint or charge with either the EEOC or the PHRC, as required by statute. (Document No. 5, p. 2).

Plaintiff argues in opposition to Defendant's position that: 1) Defendant did timely file a Complaint with the PHRC[1] (Plaintiff's Brief in Support of his Response to Defendant's Motion to Dismiss, Document No. 9, p. 4); 2) no right-to-sue letter was ever issued, however, equity allows the requirement to be waived and it should be waived in the case *sub judice*[2] (Document No. 9, pp. 2, 5-6); and 3) in the alternative, Plaintiff requests that the Court toll the statute of limitations and grant Plaintiff leave to refile his PHRC Complaint with the PHRC and/or EEOC. (Document No. 9, p. 7).

Plaintiff did not submit the PHRC complaint when he filed his Federal Court Complaint, however, Defendant attached the PHRC complaint to the Motion to Dismiss as Exhibit "A" (Document No. 5, Exhibit "A"). The Court recognizes that the PHRC complaint is the basis for the Plaintiff bringing this civil action. Plaintiff did not object to the authenticity of the document and actually attaches a copy of the same to his Response to the Motion to Dismiss. (Document No. 7, Exhibit "C"). Therefore, the Court finds that, in accordance with *Steinhardt Group, Inc., et al. v. Citicorp., et al.*, 126 F.3d 144, 145 (3d Cir. 1997) it may rely on the PHRC complaint because

---

[1] Plaintiff makes no attempt to distinguish between the Title VII claim and the ADEA claim in his Response to Defendant's Motion to Dismiss despite the fact his PHRC Complaint and his Federal Court Complaint only make allegations of age discrimination.

[2] The Court notes again that Plaintiff does not distinguish between the Title VII claim and the ADEA claim even though the requirement that a right-to-sue letter be issued prior to filing a complaint in federal court pertains only under Title VII and not under the ADEA. *See Seredinski v. Clifton Precision Prods. Co.*, 776 F.2d 56, 63 (3d Cir. 1985) (holding issuance of a right-to-sue letter is not a prerequisite to filing an ADEA claim).

Defendant has made it a part of the Rule 12(b)(6) Motion, it is authentic and the Plaintiff's claims rest upon it. The Court concludes that allowing such exhibit does not convert the present motion to a motion for summary judgment under Rule 56.

### 1. **Title VII Claim**

#### a. **Failure of PHRC complaint to allege violations of Title VII**

First, with respect to Plaintiff's Title VII claim, the Court is not clear on why Plaintiff makes a Title VII allegation at all. The Court notes that despite Plaintiff's allegation in the "Jurisdiction and Venue" section of the Federal Court Complaint that he is bringing a claim under "Title VII of the Civil Rights Act of 1964[,]" he makes no allegation of a violation of Title VII in the body of the Federal Court Complaint. Federal Court Complaint, ¶¶ 2, 11-28. Plaintiff only claims age discrimination in the body of his Federal Court Complaint. *See* 42 U.S.C. § 2000e-2 ("it shall be an unlawful employment practice for an employer...to discriminate against any individual...because of any individual's race, color, religion, sex or national origin..."); *Hart v. J.T. Baker Chem. Co.*, 598 F.2d 829, 831-32 (stating Title VII protects against employment discrimination based on race, color, religion[, sex] or national origin); *see also Orell v. Umass Mem'l Med. Ctr. Inc.*, 203 F.Supp.2d 52, 59-60 (D. Mass. 2002) ("Title VII does not apply to discrimination on the basis of age").

Defendant argues that the PHRC complaint does not allege any violations of Title VII, and thus, Plaintiff failed to exhaust his administrative remedies and his Title VII claims should be dismissed. (Document No. 5, p.3). The Court agrees that the PHRC complaint does not allege any violations of Title VII; it, like the Federal Court Complaint, alleges only age discrimination. (Document No. 5, Exhibit "A"). Filing a timely complaint with the PHRC and/or the EEOC is a precondition to filing a

6

complaint in federal court.³ "The timely exhaustion of administrative remedies is a precondition to the maintenance of a federal employment discrimination civil lawsuit." *Story v. Mechling*, 412 F.Supp.2d 509,513 (W.D. Pa. 2006); *see* 42 U.S.C. § 2000e-5(e)(1); *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 105, 122 S.Ct. 2061, 153 L.Ed. 106 (2002). "Filing a charge and receiving a right to sue letter are prerequisites to an individual's bringing a suit under Title VII." *Story*, 412 F.Supp.2d at 513 quoting *McNasby v. Crown Cork & Seal Co.*, 888 F.2d 270, 282 (3d Cir. 1989). Plaintiff's failure to file a complaint with the PHRC alleging Title VII violations constitutes a failure by Plaintiff to exhaust his administrative remedies and requires dismissal of his Title VII claim.

### b.     Failure to Obtain a Right-to-Sue Letter on Title VII Claim

In addition, even if Plaintiff had properly filed a complaint with the PHRC and/or the EEOC complaining of a Title VII violation, the Court agrees with Defendant's argument that Plaintiff's failure to obtain a right-to-sue letter for his Title VII claim is fatal to that claim.⁴ (Document No. 5, pp. 2-3). *See Story*, 412 F.Supp.2d at 513 quoting *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) ("[a] complainant may not bring a Title VII suit without having first received

---

³Pennsylvania is a deferral state. *Bailey v. United Airlines*, 279 F.3d 194, 197 (3d Cir. 2002). A deferral state is one that has "an agency authorized to grant relief for federally prohibited employment discrimination." *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000). The Pennsylvania agency with this authority is the PHRC. *See* 43 Pa. Cons. Stat. § 959 (2005). Thus, the requirement of filing a timely complaint in Pennsylvania can be met by filing with the PHRC within 180 days of the alleged discriminatory incident or the EEOC within 300 days of the alleged discriminatory incident. *See* 42 U.S.C. § 2000e-5(e)(1).

⁴The Court notes that a right-to-sue letter is not a precondition to filing suit on an ADEA claim in federal court. Unlike Title VII . . . [the] ADEA does not require that a right-to-sue letter be first obtained. Rather, a complainant must simply file a charge with the PHRC or the EEOC not less than 60 days before commencing suit, to permit the PHRC or the EEOC to attempt to eliminate any alleged unlawful practice by informal methods of conciliation and conference. *Seredinski v. Clifton Precision Prods. Co.*, 776 F.2d 56, 63 (3d Cir. 1985) (internal quotation marks omitted); *see* 29 U.S.C. §626(d) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission").

a right-to-sue letter"). The Plaintiff admits no right-to-sue letter was issued on a Title VII claim. (Document No. 9, p. 6). Thus, the Court concludes that even if Plaintiff's PHRC complaint alleged violations of Title VII, Plaintiff failed to meet the prerequisite of obtaining a right-to-sue letter prior to filing his Title VII complaint in federal court. Therefore, if the Court had not dismissed Plaintiff's Title VII claim on the basis that he failed to timely file a complaint with the PHRC and/or EEOC alleging a violation of Title VII, the Court would dismiss the case for failure to obtain a right-to-sue letter prior to bringing suit in federal court.

### c.   Waiver of Requirement of Obtaining a Right-to-Sue Letter

Plaintiff argues that equity requires waiver of the requirement that a right-to-sue letter be obtained prior to bringing suit in federal court. (Document No. 9, pp. 5-6). The cases Plaintiff's cites to support its argument are not on point.

First, Plaintiff cites *Zipes v. Trans World Airways, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) to argue that a right-to-sue letter is not required prior to bringing suit in federal court. (Document No. 9, pp. 5-6). In *Zipes* a class action lawsuit was brought against Trans World Airways and the court held certain plaintiffs who had not properly filed charges of discrimination prior to joining the class action lawsuit would be permitted to proceed with their claims before the federal court. *Id.* at 389-98. Class action lawsuits, however, are treated differently than individual cases with regard to the requirements of filing a charge and obtaining a right-to-sue letter prior to bringing suit in federal court. Although in class action lawsuits the law allows courts to permit plaintiffs who did not properly file complaints or charges of discrimination with the EEOC or appropriate state agency to "piggyback" on those members of the class who did properly file and receive a right-to-sue letter, this

8

rule of law has not been extended to individual plaintiffs. *Communications Workers of America v. New Jersey Dept. of Personnel*, 282 F.3d 213, 217-18 (3d Cir. 2002) citing *Whalen v. W.R. Grace & Co.*, 56 F.3d 504, 505 (3d Cir. 1995) (holding that outside the context of a representative class action, an individual plaintiff must file a timely administrative charge and meet all the prerequisites to filing suit in federal court). Thus, the *Zipes* case does not support Plaintiff's argument that the requirement of obtaining a right-to-sue letter should be waived in the case of an individual Title VII plaintiff.

Second, Plaintiff cites *Gooding v. Warner-Lambert Co.*, 744 F.2d 354 (3d Cir. 1954) to argue the requirement of obtaining a right-to-sue letter can be waived. (Document No. 9, pp. 6-7). Plaintiff misquotes the case. (Document No. 9, pp. 6-7). Plaintiff leaves out critical language in an effort to mislead the court into believing the case stands for a proposition it does not. (Document No. 9, pp. 6-7). *Gooding* does not state that in a Title VII case the requirement of obtaining a right-to-sue letter can be waived, rather it states that a plaintiff who filed two charges of discrimination against her employer and filed suit in federal court after receiving a right-to-sue letter on the first charge, but prior to receiving a right-to-sue letter on the second charge, a retaliatory discharge claim, should have been granted leave to amend the complaint, as she requested, in order to attach the second right-to-sue letter which was issued shortly after she filed her original complaint in federal court, rather than have her case dismissed. *Id.* at 358-60. The *Gooding* case does not actually support Plaintiff's argument that he should be granted a waiver of the requirement that a right-to-sue letter be obtained in relation to a Title VII discrimination. Therefore, even if Plaintiff's failure to obtain a right-to-sue letter regarding Title VII violations was the basis of the Court's dismissal of his Title VII claim, Plaintiff provides no support for his argument that equity requires waiver of the requirement that a right-to-sue letter be issued.

9

### d. Equitable Tolling

Furthermore, under the circumstances in the case *sub judice* the Court concludes that Plaintiff is not entitled to the requested equitable tolling of the statute of limitations to allow him to refile with the PHRC and/or the EEOC. To be entitled to equitable tolling, the Plaintiff is required to show that "[he was] prevented from filing in a timely manner due to sufficiently inequitable circumstances." *See Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999). Mere inadvertence of counsel is not enough. *Id.* at 241. For an attorney's mistake or misconduct to constitute grounds for equitable tolling, it must be shown that the attorney's mistake or misconduct was more than garden variety neglect. *Id.*

Plaintiff presents no facts to the Court that justify equitable tolling. Plaintiff's counsel attempted to file the PHRC complaint alleging age discrimination shortly after Plaintiff's termination and could have asserted any other reasons that the termination was discriminatory in the PHRC complaint or an amendment thereto. Plaintiff sets forth no reasons why a Title VII allegation was not originally made or provided to the PHRC in an amendment. Plaintiff simply presents no circumstances to the Court that show he was prevented from filing in a timely manner due to inequitable circumstances. Therefore, the Plaintiff is not entitled to equitable tolling of the statute of limitations.

## 2.    ADEA Claim

The Court has already concluded that Plaintiff's Title VII claim should be dismissed because the PHRC complaint made no allegations of discrimination under Title VII and, alternatively, because Plaintiff failed to obtain a right-to-sue letter, a precondition under Title VII to filing a federal court complaint. Therefore, Defendant's argument that Plaintiff's ADEA claim be dismissed is the only issue remaining.

Defendant argues that the ADEA claim should be dismissed because Plaintiff failed to file his claim with the PHRC and/or EEOC, thus, Plaintiff failed to exhaust his administrative remedies.[5] (Document No. 6, pp. 3-4); *See Purtill v. Harris*, 658 F.2d 134, (3d Cir. 1981) (holding a plaintiff bringing an age discrimination claim must exhaust his administrative remedies before filing a lawsuit). Defendant argues that the documents Plaintiff purports to have filed with the PHRC do not constitute a "complaint" and that such documents were not actually filed with the PHRC. (Document No. 6, pp. 3-4).

After reviewing the Plaintiff's PHRC complaint and his Federal Court Complaint, the Court finds that it is unclear whether the documents themselves actually constitute a "complaint" and whether such documents, if they do constitute a "complaint," were in fact filed with the PHRC and/or EEOC. However, in addressing Defendant's Motion to Dismiss, the Court must accept the allegations in Plaintiff's Federal Court Complaint as true and construe all reasonable inferences in the light most favorable to the Plaintiff. Applying this standard, the Court concludes that Plaintiff's pleading is

---

[5]Defendant also argued Plaintiff's Title VII claim should be dismissed on this basis, however, since the Plaintiff's Title VII claim was dismissed on other grounds there is no need to address it here.

11

sufficient to permit Plaintiff to move forward with his ADEA claim. Thus, the Court denies Defendant's Motion to Dismiss Plaintiff's ADEA claim on the grounds that Plaintiff failed to timely file a PHRC and/or EEOC complaint alleging age discrimination.

The Court does recognize the potential deficiencies in the documents that Plaintiff alleges constitute a "complaint" filed with the PHRC and/or the EEOC, as well as, the possibility that the complaint was not, in fact, actually filed in accordance with the appropriate requirements. Defendant has presented some evidence to the Court on these issues, however, the Court may not consider such evidence in a motion to dismiss. Defendant can address these issues in a motion for summary judgment.

An appropriate Order follows.

**AND NOW**, this 31st day of March, 2006, this matter coming before the Court on the Defendant Schwan's Home Services, Inc.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 5),  IT IS HEREBY ORDERED THAT Schwan's Motion to Dismiss is GRANTED IN PART and DENIED IN PART as follows: 1) Schwan's Motion to Dismiss Plaintiff's Title VII claim is GRANTED WITHOUT PREJUDICE to Plaintiff filing an Amended Complaint alleging a violation of Title VII and attaching both a complaint filed with the PHRC and/or the EEOC and a corresponding right-to-sue letter within twenty (20) days of the date of this Order; and 2) Schwan's Motion to Dismiss Plaintiff's ADEA claim is DENIED.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

13